IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

HARRY J. TALBERTH,

        Plaintiff,

v.                                                  No. CIV 97-995 BB/RLP

SALLIE MAE SERVICING CORPORATION,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## ALLOWING DISCOVERY ON JURISDICTION

THIS MATTER is before the Court on the motion of the Defendant, Sallie Mae Servicing Corporation, to dismiss the complaint on the ground this Court lacks a basis for subject matter jurisdiction, and the Court being duly advised, FINDS the Plaintiff should be allowed ninety (90) days to complete discovery as to jurisdiction.

## Discussion

Between 1979 and 1983, Plaintiff obtained student loans from Virginia National Bank and Pacific Western Bank for his undergraduate education. Student Loan Marketing Association ("Sallie Mae") acquired Plaintiff's student loans on the secondary market in 1997. Plaintiff claims that the collection actions

by Defendant Sallie Mae Servicing Corporation violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 through 1692o, and the New Mexico Unfair Practices Act, § 57-12-2 NMSA 1978 (1995 Repl. Pamp.).

Section 1692k of the FDCPA imposes civil liability only upon "debt collectors" who intentionally violate the FDCPA, and provides for jurisdiction to enforce liabilities created by the FDCPA in the appropriate United States district court.  *See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 105 (6th Cir. 1996); *Holmes v. Telecredit Serv. Corp.*, 736 F. Supp. 1289 (D. Del. 1990).  The FDCPA defines "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).  Sallie Mae maintains it is not a company whose principal purpose is debt collection as it is but a wholly-owned subsidiary of Sallie Mae and established to facilitate Sallie Mae's basic function of providing liquidity for student loan investments by servicing such loans.  *See* 20 U.S.C. § 1087-2.

Plaintiff does not appear to argue that the collection of debts for another is Defendant's "principal purpose," but rather focuses on whether Defendant

"regularly" collects due debts.  Resp. Def.'s Mot. Dism. at 4.  Moreover, Plaintiff maintains that since Defendant has submitted affidavits, Plaintiff should be given an opportunity to do discovery to prove his alleged facts.  *Ibid.* at 3.  While at this point Defendant's affidavits appear persuasive, the Court agrees Plaintiff should have the opportunity to address the facts necessary to prove Defendant is covered by the Act.  *See Games v. Cavazos,* 737 F. Supp. 1368 (D. Del. 1990) (analyzing each element of definition in student loan context).

## **O R D E R**

Plaintiff will be permitted ninety (90) days from the entry of this order to conduct discovery on whether Defendant is subject to the FDCPA and ten (10) days thereafter to advise the Court of such facts.  Defendant will have ten (10) days from Plaintiff's submission to respond.

Dated at Albuquerque this 8th day of January, 1998.

                                            BRUCE D. BLACK
                                            United States District Judge

Counsel for Plaintiff:
    Richard N. Feferman, Albuquerque, NM
Counsel for Defendant:
    John L. Armijo, Albuquerque, NM
    Stephen E. Richman, Phoenix, AZ
    Christopher Robbins, Phoenix, AZ